RUSSELL & COMPANY, Appellant, v. POLK COUNTY ABSTRACT COMPANY, Appellee.

<div style="float:right">87  233<br>118  626</div>

1. **Abstracts of Title:** ERRORS: ACTION FOR DAMAGES: LIMITATION OF ACTIONS. An action against the maker of an abstract of title to recover damages arising from an error therein, being based upon contract, and not on tort, is barred after five years from the date of the delivery of the abstract containing the alleged defect, though the error be not discovered, and no special damage resulting therefrom arises, until long after the abstract is delivered.

2. ———: ———: ———: CONTINUING CONTRACT. The contract in such case is not a continuing one, so that a new cause of action accrues whenever special damage is suffered by its breach.

3. ———: ———: RIGHT TO SUCCESSIVE ACTIONS. Section 2524 of the Code, providing that "successive actions may be maintained upon the contract or transaction whenever, after the former action, a new cause of action has arisen therefrom," has no application to actions for additional damages happening or discovered because of some particular breach of a contract.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,. Judge.

TUESDAY, JANUARY 24, 1893.

THE parties are corporations, the plaintiff being organized under the laws of Ohio, and the defendant under the laws of Iowa. The defendant is engaged in furnishing abstracts of title, and the averments of the petition are to the effect that in December, 1884, the plaintiff contemplated purchasing a mortgage from one Kellogg on a certain tract of land; that, with a view to learn if said mortgage was a first lien on said land, it procured of the defendant an abstract of the title thereof, which abstract was furnished about December 16, 1884, and showed that the mortgage in question was a first lien on the land; that, relying on said abstract, the plaintiff purchased said mortgage, and paid therefor one thousand, three hundred and ten dollars and forty-three cents, and afterwards foreclosed the same, and at the foreclosure sale purchased the land, and paid therefor two thousand, sixty dollars and eighty-five cents; that, because of the negligent and unskillful manner in which the defendant examined the title to said land, the abstract of title failed to disclose a judgment lien of about one thousand, four hundred dollars, which was prior and superior to the mortgage purchased by the plaintiff, and of which the plaintiff had no knowledge; that, because of the neglect and unskillful acts of the defendant, the plaintiff lost said land, and the amounts paid therefor, and plaintiff asks judgment in the sum of five thousand dollars. The petition was filed on the nineteenth of June, 1890. There is a demurrer to the petition on the ground that the action is barred by the statute of limitations. The district court sustained the demurrer, and from a judgment dismissing the petition the plaintiff appealed.—*Affirmed.*

*Cole, McVey & Cheshire,* for appellant.

No legal damage was sustained, on the part of the plaintiff, until the purchase of the Kellogg mortgage, and no cause of action arose until said purchase. Angell on Limitations, section 71; Addison on Torts, page 13. The cause of action described in the petition could not have been brought, by any possibility, until the money had been expended by the plaintiff. And the statute did not begin to run until then. 2 Greenleaf on Evidence, sections 433, 434; *Bank of Hartford Co. v. Waterman,* 26 Conn. 324; *Lesem v. Neal,* 53 Mo. 412; *Harryman v. Wilkins,* 20 Me. 93; *Bailey v. Hall,* 16 Me. 480; *State v. Minor,* 44 Mo. 373; *State v. Gutzweiller,* 49 Mo. 17; *Bartlett v. Bank,* 79 Cal. 224, 21 Pac. Rep. 743; *Roberts v. Read,* 16 East, 215; *Gillon v. Boddington,* 1 Car. & Paine, 541; *Williams v. Mortyne,* 4 Mees. & Wel. 145; *Peake v. Ambler,* W. Jon. 329 (a) s. c., Cro. Car. 359 ; *Shuften v. Penow, Ibid,* 138; *Hughes v. Thomas,* 13 East, 474; *Littleboy v. Wright* (b) 1 Lev. 69; *Hickman v. Walker,* Willes, 27. The supreme court of Iowa has clearly recognized the doctrine which we contend for in the case at bar. *Foster v. Marsh,* 25 Iowa, 300; *Steel v. Bryant,* 49 Iowa, 116; *Miller v. Railway Company,* 63 Iowa, 680; *Van Orsdol v. Railway Company,* 56 Iowa, 470; *Moore v. McKinley,* 60 Iowa, 367; *Walker v. Lathrop,* 6 Iowa, 516. The obligation incurred by the defendant when it made the abstract was a continuing one, and a suit might be brought whenever damage might arise, by reason of moneys advanced or damages incurred upon the faith of the statements in the abstract. *Beach v. Crain,* 2 N. Y. 86; *McConnell v. Kibbe,* 33 Illinois, 175; *Foster v. Marsh,* 25 Iowa, 300; *Riddle v. Beattie,* 77 Iowa, 168; *McKay v McDowell,* 80 Iowa, 146; *Sullens v. The C., R. I. & P. R'y Co.,* 74 Iowa, 659. If any cause of action arose, as is claimed by the defendant

herein, upon the contract at the time the abstract was made, it was for nominal damages only, and then under the statute we might have brought an action for nominal damages and afterwards brought this action. That statute authorizes the action as brought, and clearly recognizes the liability of the defendant under the facts stated in the petition. Code, section 2524; *McConnell v. Kibbe*, 33 Ill. 175. The above statute governs the case at bar, and authorizes, clearly and plainly, the action to be brought by the plaintiff, for the resulting damages which accrued by reason of the expenditure of its money for the Kellogg mortgage. *McKay v. McDowell*, 80 Iowa, 146; *Richmond v. Dubuque & Sioux City R'y Co.*, 33 Iowa, 422.

*W. G. Harvison*, for appellee.

This is an action for damages resulting from the breach of a contract. In actions *ex contractu*, where damages are sought for the breach of a contract because of negligent performance thereof, the action accrues, and the statute begins to run, from the date of the breach, and not from the date of special injury arising from the breach. *Steele & Johnson v. Bryant*, 49 Iowa, 116; *Crawford v. Gauldon*, 33 Ga. 173; *Wilcox v. Plummer's Ex'rs*, 4 Peters, 172; *Mardes v. Schackelford*, 4 Ala. 493; *The Governor, etc. v. Gordon*, 15 Ala. 72; *Ellis v. Kelso*, 18 B. Monroe, 296; *Bank of Utica v. Childs*, 6 Cowen, 238; *Sinclair v. The Bank of South Carolina*, 2 Strobhart 344; *Northru v. Hill*, 61 Barb. 136; *Argall v. Bryant*, 1 Sandf. 98; *McKerran v. Gardner*, 3 Johns. 137; Wood on Limitations of Action, 362, 370; Angell on Limitations [4 Ed.], sections 136, 137, 298. The fact that the plaintiff had no knowledge of the defect in the abstract until it was too late to maintain an action for the damage caused thereby, does not in any manner affect the principle for which we contend. *Miller v. Lesser*, 71 Iowa, 147;

*Brunson v. Ballon,* 70 Iowa, 34; *Shreves v. Leonard,* 56 Iowa, 74; *Higgins v. Mendenhall,* 51 Iowa, 135; *Washington Co. v. Mahaska Co.,* 57 Iowa, 57; *Findley v. Stewart,* 46 Iowa, 655; *District Township v. French,* 40 Iowa, 601; *Campbell v. Long,* 20 Iowa, 382; *Shorick v. Bruse,* 21 Iowa, 305; *Gustin v. Jefferson Co.,* 15 Iowa, 158.

GRANGER, J.—I. The statute of limitations commences to run from the time a cause of action accrues.

1. ABSTRACTS OF title: errors: action for damages: limitation of actions.

Code, section 2529. By section 2530 it is provided that in actions for relief on the ground of fraud or mistake the cause shall not be deemed to have accrued until the fraud or mistake has been discovered. The petition is without allegations to bring the case within the provisions of the latter section, and, hence, we are to inquire when the cause of action accrued without reference to its being grounded on fraud or mistake. The pith of the contention by counsel is whether the action is one *ex contractu,* so that the cause of action accrues with the actual breach of the contract, or *ex delicto,* so that the action accrues whenever consequential damages result because of the tort. We are directed especially to the averments of the petition wherein recovery is sought because of negligence in preparing the abstract, and for the money expended in the purchase of the mortgage because of such negligence; and it is said that "no legal damage was sustained on the part of the plaintiff until the purchase of the Kellogg mortgage." We may not correctly apprehend what is meant by the term "legal damage." If it means special damage, such as that alleged, the proposition is correct. If it means general damage, such as the law infers because of the breach, without its being specified, it is not correct. Of course, a cause of action does not accrue in such a case until damages are recoverable, and, hence,

the statute does not commence to run until there is
damage to constitute a basis for an action. The further
discussion of the case will indicate our view as to when
such damage first arose.

The appellant, in support of its theory, that the
action is *ex delicto*, cites the following from Angell on
Limitations (section 71): "The action of *assumpsit*
lies to recover damages for consequential wrongs or
torts, which, though they are *ex delicto*, are *quasi ex
contractu;* and they arise from malfeasance, or doing
what the defendant ought not to do; nonfeasance, or
not doing what he ought to do; and misfeasance, or
doing what he ought to do, improperly." It also
cites the following from Addison on Torts (page 13):
"A tort may be dependent upon, or independent of,
contract. If a contract imposed a legal duty upon a
person, the neglect of that duty is a tort founded on
contract, so that an action *ex contractu* for the breach
of contract, or an action *ex delicto* for the breach of
duty, may be brought at the option of the plaintiff."
It is then urged that this is "an action for misfeas-
ance," and, hence, based upon tort. A few consider-
ations will lead to a correct conclusion on this particular
proposition, and aid much towards a solution of the
entire case. We get the spirit of the rule to be deduced
from the above citations, so far as it pertains to this
case, by understanding the last statement in the cita-
tion from Addison on Torts: "If a contract imposes
a legal duty upon a person, the neglect of that duty is
a tort founded on contract," and in such a case the
injured party may elect to sue for the tort or breach of
the legal duty, or sue for the breach of contract. Now,
what is the true significance of the rule stated? We
think it is this: When the law imposes a duty from
one person to another, independent of contract, the
duty thus imposed is a legal one, one enjoined by the
law. Its neglect is a tort. Now, if the parties by

contract, further impose that duty, which may be, and is often, done, then the obligation is twofold,—enjoined by both law and the contract, and the author has said no more than that "the neglect of such a duty is a tort founded on contract." It can not be said that the legal duty referred to means duties arising solely upon contract, for, if it does, then all duties in pursuance of contract are, within the meaning of the rule, legal duties, and, hence, a neglect to discharge them is a tort. This, followed to its legal conclusion, would make every breach of contract a tort. The duties arising upon contracts are, of course, legal duties, within the most comprehensive meaning of the term, but the sanction of the law making them so is invoked by the contract, and, hence, in an important and practical sense, we regard and express the obligations and duties thus arising between parties as contractual, and in that way distinguish them from other legal duties or obligations. The learned author was evidently preserving this distinction.

In the case at bar the defendant, independent of the contract, owed no duty to the plaintiff. The neglected duty was one alone enjoined by contract. The failure to perform by the defendant was a failure to discharge its agreement, which is solely a breach of contract. No refinement of reasoning can, or should, avoid the conclusion. The fact that the act is alleged as negligently done does not change the situation. It is an allegation only as to the manner of making the breach. The liability of the defendant company in no way depends on the fact of negligence. The allegations of the petition show an absolute undertaking "to furnish a full, complete and correct abstract to the plaintiff, correctly showing the liens of mortgages, judgments and otherwise." The demurrer admits such an undertaking, and the allegation of negligence cannot have the effect to change the action from one on contract to

one for tort. If A should engage to deliver to B a quantity of wheat at a certain time and place, and he failed to do so, he would be liable upon his undertaking, and in an action for damage because of the failure a mere allegation that 'he negligently failed to perform would not affect the character of the action. The liability in either case attaches without the negligence. We reach the conclusion that the action is upon contract, and that the statute of limitations is to be applied accordingly.

We may now notice the claims as to when the statute commences to run. With our conclusion as to the character of the action it is probable the appellant might not claim that the authorities cited are applicable. We refer, however, to a few as indicating the character of all. Reference is made to 2 Greenleaf on Evidence, sections 433 and 434. These sections have reference to cases of tort, and actions on the case sounding in tort, and it is there stated as the rule that in such cases, where the injury is consequential, and the right of action is founded in special damages, the statute commences to run from the time the special damages accrued. Also, where a statute commences to run from the time of the "act done," and the act was lawful as to the plaintiff, the act is regarded as "done" when the damages result. But this case is not within either rule. Section 435 is the one applicable to this case, and it states: "In cases of contract, the general principle is that the statute attaches as soon as the contract is broken, because the plaintiff may then commence his action." As especially applicable to this case, it is further said in the same connection: "And, though special damage has resulted, yet the limitation is computed from the time of the breach, and not from the time when the special damage arose.

The appellant cites as "one of the best considered cases on this subject," *Bank of Hartford Co. v. Water-*

*man*, 26 Conn. 324. The action is founded on the neglect of an officer to make a valid attachment of real estate, and a false return that he had made such an attachment. That was purely an action *ex delicto*, and neither the neglect to serve the attachment, nor the false return, nor both, under the holding in the case, "would be enough to constitute a cause of action. That case holds to a rule that a failure to serve mesne process, or a false return of such process, is not actionable in itself, but becomes so whenever real injury follows from it. Such a holding is not in conflict with our views. The case, however, contains some language strongly in their support. It is there said, speaking of the breach of duties to individuals as those created by contract, whereby each party enters into and defines for himself an immediate obligation to the other, that "the breach of such an obligation is a direct and immediate wrong to the other, so that whether any evil consequences follow, or whatever consequences follow, the cause of action dates from the wrong which would be treated as the cause of action, whether the plaintiff sues in tort or contract." The other cases cited by the appellant are in their legal effect the same, being actions based upon tort, and not for a breach of contract, with some exceptions; as where money is paid for the benefit of another to discharge his primary obligation, wherein it is held that the cause of action accrues in behalf of the plaintiff when he makes the payment. See *Foster v. Marsh*, 25 Iowa, 300. In *Steel v. Bryant*, 49 Iowa, 116, it is held in an action for negligence by a clerk in accepting an insufficient stay bond, that the cause of action did not accrue until the stay expired. It is there said that the action is "for the negligent performance of a duty imposed." It is then said in the same connection that "the authorities cited in actions based on contract or *acts of negligence in failing to properly perform obligations resulting from contracts*,

are not strictly applicable.'' The words we have italicized are highly significant in this case, for the negligent act complained of here is one resulting from contract. *Wilcox v. Plummer's Ex'rs*, 4 Pet. 172, is a very conclusive case upon the question. The action was to recover damage because of a "blunder" or mistake of an attorney in his professional capacity in the institution and prosecution of a suit on a promissory note. The action *(Wilcox v. Plummer's Ex'rs)* was in form *assumpsit*. The damages sought to be recovered were those resulting from the mistake, the result of the mistake being that the note became barred by the statute of limitations because of a nonsuit occasioned thereby. The question in the case was whether the statute commenced to run "from the happening of the damage" or at the time the mistake was made. The language of the opinion reaches several phases of this case. It is there said: "The ground of the action here is a contract to act diligently and skillfully, and both the contract and breach of it admit of a definite assignment of date. When might this action have been instituted, is the question, for from that time the statute must run." These facts and the query have an exact parallel in the case at bar, and this case should be controlled by the conclusion in that. The court announced its conclusion as follows: "When the attorney was chargeable with negligence or unskillfulness, his contract was violated, and the action might have been sustained immediately. Perhaps, in that extent, no more than nominal damages may be proved, and no more recovered; but, on the other hand, it is perfectly clear that the proof of actual damage may extend to facts that occur and grow out of the injury, even up to the day of the verdict. If so, it is clear the damage is not the cause of the action." It is held that the statute commenced to run at the time of the mistake.

We do not forget that it is averred in the petition

that the defect in the abstract was not known until the damage alleged had been sustained; but that fact does not arrest the running of the statute. It is said in *Bank of Hartford Co. v. Waterman,* 26 Conn. 324, that "ignorance of his rights on the part of a person against whom the statute had begun to run will not suspend its operation. He may discover his injury too late to take advantage of his appropriate remedy." Again, it would seem that our statute makes a plea of fraud or mistake necessary to change the time when the cause of action accrues. Code, section 2530. *Crawford v. Gaulden,* 33 Ga. 173, is also a case grounded upon the neglect and unskillful act of an attorney in the management of a cause, and to avoid the operation of the statute of limitations the plaintiff alleged that the negligent and unskillful acts were unknown to him when done, and not known till about 1853, and the limitation period was four years from the time the cause of action accrued. The opinion upon that particular branch of the case contains this language: "The doctrine is well settled that in an action against an agent for negligence and unskillfulness the statute of limitations commences to run from the time the negligent or unskillful act was committed, and plaintiff's ignorance of the negligence or unskillfulness can not affect the bar of the statute." Authorities are cited in support of the rule; and see, also, *Mardis v. Shackleford,* 4 Ala. 493; *Governor v. Gordon,* 15 Ala. 72; *Ellis v. Kelso,* 18 B. Mon. 296; *Bank of Utica v. Childs,* 6 Cow. 238; *Sinclair v. Bank,* 2 Strob. 344. In this case, when the abstract was delivered with the alleged defect, there was a breach of the contract to prepare a perfect one, and at least nominal damages were recoverable, and we think it safe to say that the expenses of its procurement were within the rule of general damages. Thereafter, for five years, the right of action continued, during which time the door of inquiry was open to

know the facts, and we think there is no rule of public policy requiring us to extend the time by a construction of the statute that to us seems to be against the current of authority.

II. It is next urged that the action is not barred, because the contract is a continuing one. In support of the proposition several cases are cited. Comment on one of them will be sufficient, as it will be applicable to all. *McCay v. McDowell*, 80 Iowa, 146, is based on a breach of contract for support, the contract being for the support of the plaintiff during his natural life. The contract was made in March, 1878, and there was a breach in October, 1878. Under a claim that the action was barred by the statute, it having been commenced more than five years after the breach, the contract was held to be a continuing one, on the authority of *Riddle v. Beattie*, 77 Iowa, 169. Those cases are unlike this. In those cases an obligation or duty continued from day to day and year to year. The defendants were every day and year required to act in the fulfillment of the contract. It is not a case of new damages arising because of a breach long since made, but a case of a continuing breach of failure of duty, from which new damages arise, and the actions were permitted for breaches committed within the period of limitation, and not for damages happening within the period, as a result of a breach committed beyond it. In this case the duties of the defendant company ceased with the delivery of the abstract. It owed no further obligation to the defendant. As is said in *Wilcox v. Plummer's Ex'rs*, 4 Peters, 172: "Both the contract and the breach admit of a definite assignment of date." After the delivery of the abstract the contract was executed, and the breach complete. There has been no additional breach since; only new damages for the old breach.

2. ——: ——: ——: continuing contract.

III. The appellant insists that this action can be maintained under Code, section 2524, as follows:

3. ——: ——:
right to successive actions.
"Successive actions may be maintained upon the contract or transaction whenever, after the former action, a new cause of action has arisen therefrom." If the section could be held applicable to a case like this, there is nothing in the language to indicate an intent to permit such actions beyond the period of limitation. However, the solution may be put upon another ground. This statute was applied in *McCay v. McDowell*, 80 Iowa, 146, and it is to such continuing contracts that it applies. The statute has no application to additional damages happening or discovered because of some particular breach of a contract. It is applied when there is a continued or repeated breach by way of acts or neglect. *Richmond v. Dubuque & S. C. R'y Co.*, 33 Iowa, 422, is of this latter class.

The fourth proposition discussed by the appellant is as to the strict accountability to which abstractors are held by the law, and we need not discuss it. The reasoning is strong, and, barring the application to this case, it accords with our view of the law. That strict accountability, we think, must be required in a case of this kind, within the period that the law fixes for actions upon unwritten contracts, where neither fraud nor mistake is the ground for relief.

The judgment of the district court is in harmony with our view, and it is AFFIRMED.