## TALPEY *v*. WRIGHT.

Opinion delivered November 16, 1895.

ABSTRACTER OF TITLE—LIABILITY FOR MISTAKES.—One employed by a landowner to prepare an abstract of title for the purpose of procuring a loan upon mortgage is not liable to an assignee of the notes secured by the mortgage, who takes the notes in reliance upon the abstract, for loss occasioned by mistake therein, there being no privity of contract between such assignee, and the abstracter.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

## STATEMENT BY THE COURT.

The appellant, Charles W. Talpey, brought suit against the appellees, Joe R. Wright and M. F. Robinson, in the Sebastian circuit court for the Fort Smith district. For a cause of action against them he alleged the following facts, to-wit:

"That said Wright and Robinson were partners, engaged in business at Fort Smith as abstracters of title to real estate in Sebastian county; that one Alex Rhea, desiring to borrow money, applied to H. H. Hoover, a loan broker of Fort Smith, for the loan, offering as security therefor land in said county of Sebastian; that said Hoover, as a condition precedent to the making of the loan, required of Rhea that he furnish an abstract of the title to such land; that Rhea thereupon employed said Wright and Robinson to furnish an abstract of title for Hoover, and that Wright and Robinson did afterwards furnish an abstract of title to said land, certifying that it exhibited a complete abstract of all conveyances and other instruments of writing pertaining to the title of said property, as shown by the records of Sebastian county; that said abstract and certificate of attorney was forwarded to Topeka Investment & Loan Company by H. H. Hoover, and said company, acting upon the title therein shown, loaned to said Rhea said sum, taking notes for said sum, and interest thereon to accrue at the rate of seven per cent. per annum, payable semi-annually, to said company, and securing said sum by a deed of trust duly executed by said Alex Rhea and his wife to C. S. Gleed, trustee for said company, or the legal holder of the note, which deed of trust was duly recorded with the recorder of Sebastian county for the Greenwood district; that said Topeka Investment & Loan Company relied wholly upon the certificate of defendants that said abstract exhibited a complete abstract of title to said property; that on November 15,

1890, the same being before the maturity of the note, the Topeka Investment & Loan Company, in the due course of trade, sold said note to this plaintiff for the consideration of $2,100, and accrued interest thereon, paid by this plaintiff to said company, for the assignment of said note, and the security therefor; that the plaintiff required of said Topeka Investment & Loan Company, as a condition precedent to the purchase of said note and security, that it furnish him a complete abstract of title; that said company furnished to this pliaintiff the abstract of title prepared by these defendants, and this plaintiff relied wholly upon this abstract as furnishing a true and complete abstract of the title to said property, and, so relying upon it, purchased said note and security thereon, the deed of trust upon said real estate; that said defendants, when employed to prepare said abstract, knew that the said abstract was to be used by the said Rhea as an evidence of his title, which he was offering as security for a loan to be procured by said Hoover; that said defendants, after said loan had been accepted, completed the abstract of title to said land by noting in their abstract the deed of trust made by said Rhea to C. S. Gleed, as trustee for Topeka Investment & Loan Company, or the legal holder of the note of Alex Rhea; that the purpose and intention of said Rhea in furnishing said abstract to H. H. Hoover to negotiate, through his brokerage business, said loan upon said security were well known to the defendants, and it was prepared for the purpose of being used as an evidence of the title of said Rhea to anyone to whom the said H. H. Hoover would offer said proposed loan; that, upon the final completion of said abstract, the defendants knew that said loan was placed with the Topeka Investment & Loan Company, and negotiable notes given it or order, and said deed of trust was made to secure the holder of said notes; that said abstract of

title shows that Alex Rhea and Sallie V. Rhea, his wife, had a clear, unincumbered title to said property which they conveyed on September 1, 1890, to C. S. Gleed, as trustee, to secure the payment of said loan from said company ; that said abstract did not exhibit a complete abstract of all the conveyances and other instruments of writing pertaining to said land, the same failing to show the following, to-wit :" * * * The complaint then sets out certain defects in the title which are alleged to have been negligently omitted from the abstract by said Wright and Robinson, to the injury of plaintiff. Plaintiff asked judgment for damages, etc.

A demurrer to the complaint was filed by Wright and Robinson, and, upon hearing the same, it was adjudged by the circuit court that the complaint did not state facts sufficient to constitute a cause of action, and, the plaintiff declining to amend, and electing to stand upon his complaint, the action was dismissed. To this judgment of the court the plaintiff excepted, and appealed.

*Jos. M. Hill* and *Preston C. West*, for appellants.

An action lies against an abstracter, or an attorney performing duties as such, for negligence in his duties, whereby damage is occasioned. 14 S. W. 896, S. C. 89 Tenn. 431, a case directly in point ; 4 Mo. App. 108 ; 3 *id*, 278 ; 26 Mo. 280 ; 34 *id*. 429 ; 70 Ill. 268 ; 45 N. W. 539 ; 53 *id*. 633 ; 15 Cent. Law J. 482. But some of the decisions and text writers limit the liability to the one employing the abstracter. This limitation is not sound in principle; but if so, the allegations in the complaint take this case without the rule. Citing and reviewing 3 Cent. Law J. 559; 45 N. W. 539; 15 Cent. L. J. 482 ; 81 Pa. St. 256 ; Bish. Non-Cont. Law, secs. 700, 702. The old rule which defeated all actions unless the plaintiff was a party to the contract or in privity has

been much relaxed.   31 Ark. 433; *Ib.* 162 ; 45 *id.* 136 ;
33 *id.* 120 ; 20 N. Y. 268 ; 1 Johns. 139 ; 100 U. S. 195 ;
20 Fed. 39.

*Clendening, Mechem & Youmans* for appellee.

1.   The contract of the abstracter is to ascertain
and report the condition of the title ; the certificate he
gives is mere evidence of how he performed his duty.
95 Cal. 317 ; 122 Ill. 607 ; 87 Wis. 472 ; 51 Minn. 282.

2.   A stranger to the contract cannot sue the ab-
stracter.   Tennessee alone holds that he can.   See 16
Phil. 90 ; 81 Pa. St. 256 ; 100 U. S. 195 ; 2 Bond, 267 ;
17 C. B. (N. S.) 194 ; 7 C. & P. 288 ; 37 N. J. L. 5 ; 21
Picke, 140.   Judge Turney's position is clearly over-
come by the weight of authority.   The general rule is
that only a privy can complain of the breach of a con-
tract, and the exceptions are clearly defined.   45 Ark.
136 ;  20 N. Y. 268 ;  47 *id.* 233 ;  68 *id.* 355 ; 69 *id.*  280 ;
1 Gray, 317 ; 107 Mass. 37 ; 36 Kas. 246 ; 2 N. Dak.
473 ; 98 U. S. 123 ; 53 Minn. 446 ; 23 Fla. 160 ; 16 Nev.
4 ; 119 Mo. 304 ; 37 Pac. 712 ; 122 Ill. 601.

RIDDICK, J., (after stating the facts).   It is con-
tended that the facts set up in the complaint are suffi-
cient to constitute a cause of action in favor of appellants.
The contention is that "the abstract was prepared by
the appellees, Wright and Robinson, as the basis of a
loan to be negotiated through Hoover's agency ; that
Hoover placed it with the Topeka Investment & Loan
Company ; that afterwards the appellees noted in the
abstract the conveyance to Gleed, as trustee for this
company, and its assignees ; that the appellees then
knew that it was placed in a given channel, and was in
form designed to pass to the assignees ; and that the
abstract was made as much for the assignee of the Loan
Company as for the Loan Company itself."   This is
the argument of appellant.   It is not alleged or con-

tended that the abstracters knew that the note and security would be sold, or that, if sold, the purchaser would rely upon the abstract of title prepared by them for Hoover and the Loan Company; but it is said that, as the notes were negotiable, and the conveyances made to secure the Loan Company and its assignees, the abstracters were liable for an injury to any purchaser of these notes who relied upon such abstract. To support this contention the case of *Dickle* v. *Abstract Co.*, 89 Tenn. 431, is cited. In that case Dickle, before purchasing land from Bowman, required that an abstract of the title be furnished. Bowman applied to the Abstract Company, who, at his instance, prepared the abstract for the use of Dickle. The abstract showed title in Bowman, and Dickle relied upon it, and agreed to purchase. Thereupon a deed from Bowman to Dickle was prepared by the Abstract Company. Dickle afterwards brought suit against the Abstract Company, alleging that he was injured through its negligence in failing to note a defect in the title. The case went off on demurrer, and the facts alleged are very meagerly set out in the report, but there is no intimation, in the opinion or elsewhere, that there was any want of knowledge on the part of the Abstract Company in regard either to the purpose or the person for whose information and benefit the abstract was intended. So far as we can ascertain, the action was based on a contract made by the Abstract Company with Bowman to prepare an abstract for the use, benefit and information of Dickle. That being the case, it was held that Dickle had a right of action for injury to him occasioned by the negligence of the Abstract Company in preparing such abstract.

This case has been criticised by counsel for appellees as being in conflict with the leading case of *Savings Bank* v. *Ward*, 100 U. S. 195. In that case Mr. Justice

Clifford, who delivered the opinion of the court, said: "It is conceded that the certificates were made by the defendant at the request of the applicant for the loan, without any knowledge on the part of the defendant what use was to be made of the same, or to whom they were to be presented. None of those matters are controverted; but the plaintiffs contend that an attorney in such a case is liable to the immediate sufferer for negligence in the examination of such a title, although he, the sufferer, did not employ the defendant, and the case shows that the service was performed for a third person without any knowledge that the certificate was to be used to procure a loan from the injured party." In other words, in that case the defendant did not know that the abstract was intended for the use and benefit of the plaintiff, nor the purpose for which it was to be used; he did not contract to make an abstract for the information of plaintiff, and it was held that the plaintiff had no right of action. On the contrary, in *Dickle* v. *Abstract Co.*, the defendant not only made the abstract, but prepared the deed from the grantor to the purchaser, and we infer from the opinion that he knew the person for whose use and benefit it was wanted, and the purpose of it, and the court held that the plaintiff had a right of action. Apart from the rather broad expressions of the judge who delivered the opinion in *Dickle* v. *Abstract Co.*, there does not seem to be any irreconcilable conflict in the points actually decided in the two cases.

But, whether conflicting or not, we do not see that either of those cases support the contention of the appellant in this case. There is no allegation in this complaint from which we can infer that the appellees contracted with Rhea to prepare an abstract for the use and benefit of the appellant, Talpey. They furnished an abstract to Rhea, for the use and information of

Hoover and the Topeka Investment & Loan Company. Upon the abstract so furnished, a loan was made to Rhea by such company. If we concede that Hoover, or the Topeka Investment & Loan Company would, under the circumstances, have a right of action against the makers of the abstract for an injury to them occasioned by defects therein, still it would not follow that appellant had a right of action. After the loan had been made, and the abstract had served the purpose for which it was prepared, the appellant purchased the notes executed by Rhea, which were secured by a trust deed on land. The appellant alleges that, before making such purchase, he required of the company that it furnish him an abstract of title, and that the company furnished him the abstract prepared by the appellees, upon which he relied. This action of the Topeka Investment & Loan Company might make it liable for defects in the abstract furnished by them to appellant, but, in the absence of any allegation that they were acting as the agent of appellees in furnishing such abstract, it would not affect the liability of said appellees. The appellees did not contract to furnish the abstracts to appellant, nor to anyone for his use and benefit. We think it clear that he has no right of action against them. The judgment of the circuit court is therefore affirmed.