PROVIDENT LOAN TRUST COMPANY v. NELSON WOL-
COTT *et al.*

No. 108.

1. ABSTRACTER — *cause of action against, for false abstract accrues upon delivery thereof.* A cause of action against an abstracter of titles for giving a wrong certificate of title, accrues at the date of the delivery, and not at the time the negligence is discovered, or consequential damages arise.

2. ———— *such action barred in three years.* An action against an abstracter of titles, to recover damages for giving a false certificate of title, was commenced nearly five years after the abstract was delivered; *held,* that the action was barred by the three-year Statute of Limitations (Civil Code, § 18, subdivision 2).

Error from Russell District Court. Hon. W. G. Eastland, Judge. Opinion filed December 4, 1896. *Affirmed.*

In 1890 the plaintiff in error employed the defendant in error, who was a bonded abstracter, to make for it an abstract of the title to certain real estate upon which the owner, one A. C. Price, solicited a loan. The abstract, purporting to be complete and correct up to and including March 25, 1890, was accordingly prepared and, on that date, delivered; and

the loan was made upon the faith thereof.   Prior to the making of the abstract, suit had been begun in the District Court of Russell County, against Price as surety upon a certain note given to one Blanche Witt, and, March 18, 1890, judgment was rendered against him therein.   No mention whatever was made of this judgment in the abstract.   In December, 1894, the Price land on which the plaintiff had made its loan was sold to satisfy the Witt judgment.   On March 19, 1895, the plaintiff in error as plaintiff below began its action on the defendant's bond to recover its damages sustained by reason of " the incompleteness, error and imperfection of said abstract."   Judgment was rendered for the defendants, from which the plaintiff brings error.   The questions involved are stated in the opinion.

J. V. Humphrey, for plaintiff in error.

H. G. Laing, and Sutton & Dollison, for defendants in error.

GILKESON, P. J.   There is but one question necessary to be considered : Was the action barred by the Statute of Limitations?   The plaintiff in error contends that the cause of action is one upon " an agreement, contract or promise in writing," and governed by the first subdivison of paragraph 4095, General Statutes of 1889, being section 18 of the Code ; or that it is an action upon a bond "required by statute " and falls within the fifth subdivision of said paragraph.   The defendants in error claim that it is " an action upon a contract, not in writing," or that it is " an action for injury to the rights of another, not arising upon contract "— a tort — and is controlled

PROVIDENT LOAN TRUST CO. v. WOLCOTT.    475

Dec. 4, 1896.        Opinion.    Gilkeson, P. J.            W. Div.

by either the second or third subdivision of paragraph 4095.    The first proposition to be disposed of is, when did the cause of action arise?

"A cause of action against an abstracter of titles for giving a wrong certificate of title, accrues at the date of the delivery, and not at the time the negligence is discovered, or consequential damages arise." *Lattin v. Gillette*, 95 Cal. 317, 30 Pac. Rep. 545 ; *Russell & Co. v. Polk County Abstract Co.*, 87 Iowa, 233, 54 N. W. Rep. 212.

We think the question is settled in this state. *Bartlett v. Bullene*, 23 Kan. 606.

This brings us to the consideration of the nature of the cause of action.    Is it an action upon an agreement or promise in writing?    We think not.    The written certificate of title given to the plaintiff by defendant Wolcott, although an instrument in writing, is not an instrument upon which the defendant's liability is founded.    The Supreme Court of California, in passing upon a Statute of Limitations like ours, held that this provision of the section, by its language, " refers to contracts, obligations, or liabilities resting in or growing out of written instruments, not remotely, or ultimately, but immediately ; — that is, to such contracts, obligations, or liabilites as arise from instruments of writing executed by the parties who are sought to be charged, in favor of those who seek to enforce the contracts, obligations or liabilities." *Chipman v. Morrill*, 20 Cal. 131.

Applying this doctrine in an action against an abstracter for making a false certificate of title (*Lattin v. Gillette*, supra), the court by Harrison, J., says :

" The contract which is the basis of the plaintiff's cause of action herein. does not ' rest in,' or ' grow out of,' his certificate, nor does the certificate contain any obligation or contract that can be enforced, or

which is susceptible of a violation on the part of the defendants, or under which any violation can accrue against them. The obligation assumed by them was created at the time of their acceptance of the employment by the plaintiff, and antedated the making of the certificate. The certificate is not the evidence of this obligation, but is merely evidence of the act done by them in purported satisfaction of the obligation assumed by them in acceptance of the employment. Instead of establishing the contract made between them and the plaintiff, it is the evidence relied upon by him to establish the breach of that contract, and necessarily presumes that the contract was complete before it was given. As in the case of an erroneous deed drawn by an attorney, or a defective plat made by a surveyor, or a wrong prescription given by a physician, it is only evidence in support of the averment that the implied contract for the exercise of skill and care was violated, and is not the contract itself. That was created by the oral agreement of employment.''

Is it an action on the bond? We think not.

'' While there is some little conflict in the decisions, the highest and most decisive authority favors the view that the malfeasance of a person, or the negligence or breach of duty of an officer, is the gist of the action, and not the injury consequent thereon. . . . 'In actions for official or professional negligence, the cause of action is founded on the breach of duty which actually injured the plaintiff, and not on the consequential damage.' '' *Bartlett v. Bullene*, 23 Kan. 611. See, also, Greenleaf on Evidence, vol. 2, § 433 ; *Betts v. Norris*, 21 Me. 315 ; *Carson v. Bradford*, 13 Miss. 169 ; *Kerns v. Schoonmaker*, 4 Ohio, 331 ; *Wilcox v. Plummer*, 4 Pet. 172 ; *Argall v. Bryant*, 1 Sandf. 98 ; *Fee v. Fee*, 10 Ohio, 469 ; *Lathrop v. Snellbaker*, 6 Ohio St. 276 ; *Ellis v. Kelso*, 18 B. Mon. 296 ; *Howell v. Young*, 5 B. & C. 259.

We think the plaintiff in error fails to distinguish the right to maintain the action, from the damages. The petition sets forth a contract for services which

were to be rendered with care.   It states that they were not carefully done, but, on the contrary, were incompletely, imperfectly and erroneously performed —in other words, carelessly and negligently performed—and that in consequence thereof, the plaintiff was damaged.   The carelessness and negligence of the officer was the sole cause of the injury.   Now, what would be the legitimate order of proof under this petition?   We think, *first*, the contract; *second*, the breach; and, *third*, the damage.   If the contract had been in writing, then the limitation would have been five years; if not, it would be three.   *Howard v. Ritchie*, 9 Kan. 102.

As we have said, the wrong committed by Wolcott is the real, substantial foundation for the plaintiff's cause of action.   The bond is virtually only a collateral security for the enforcement of such cause of action.   It does not give the cause of action, but the wrong does; and the bond merely furnishes security or indemnity to the person who may suffer by reason of such wrong.   The statute which gives five years within which to commence actions upon bonds, does not work the suspension of the other Statutes of Limitation, or revive or continue in force a cause of action which had already been barred by some of the other Statutes of Limitation.   Whenever a cause of action is barred by any Statute of Limitation, the right to maintain an action therefor on a bond, which already operates as a security for this same thing, must necessarily cease to exist.

"The wrong committed by a sheriff (in the wrongfully levying upon and selling personal property) furnishes the real, substantial foundation for the plaintiff's cause of action, and the sheriff's bond is virtually only a collateral security to indemnify any person who may suffer by reason of any official

wrong committed by the sheriff." *Ryus v. Gruble*, 31 Kan. 767.

We think the real, substantial foundation of the plaintiff's cause of action is the breach of the contract of employment, and therefore his action falls within the second subdivision of paragraph 4095, being upon a contract not in writing, and so was barred within three years from the date of the delivery of the certificate, which is admitted to have been March 25, 1890.

The judgment of the District Court will be affirmed.