**ADAMS et al. v. GREER.**

No. 240.

United States District Court
W. D. Arkansas, Fayetteville Division.

Sept. 21, 1953.

Hardin, Barton, Hardin & Garner, Fort Smith, Ark., for plaintiffs.

Pryor, Pryor & Dobbs, Fort Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

The defendant has filed a motion to dismiss on the ground, "that the complaint fails to state a claim upon which relief can be granted, in that the complaint shows on its face that the plaintiffs' cause of action, if any, accrued more than three years prior to the filing of this complaint on July 28, 1953, and is, therefore, barred by the statute of limitations."

The plaintiffs are citizens and residents of the State of Wisconsin. The defendant is a citizen and resident of the Fayetteville Division of the Western District of Arkansas and is engaged in business under the name of Greer Abstract Company. The amount in controversy exceeds the sum of $3,000.00, exclusive of interest and costs.

On August 10, 1949, Walter E. Fromm and wife, Gertrude Fromm, owned certain real property in the City of Fayetteville, Arkansas, and were engaged in maintaining and operating thereon a tourist court known as the "Circle Court." The plaintiffs entered into a contract with the owners to purchase said property and were furnished an abstract of title which they took to the defendant and requested the defendant to bring the abstract to date and show all instruments and recitals affecting the title. The defendant undertook to bring the abstract to date and inserted therein an additional sheet designated as Sheet No. 78. That sheet purported to show and recite the conditions and stipulations of a certain mortgage which had previously been executed by the owners of the property to and in favor of Frank Grotta and Anna Grotta. The mortgage was of record in Mortgage Record Book 405 at Page 47 in the Office of the Recorder of Deeds in Washington County, Arkansas, and the said Sheet 78 of the abstract of title recited that the mortgage secured an installment indebtedness with payments of $44.73 on the principal, plus interest at the rate of 3 per cent for two-hundred forty months, beginning December 1, 1948.

In Paragraph 8 of the complaint, the plaintiffs allege:

"The defendant by oversight, neglect and misfeasance failed and omitted to show the following acceleration provision contained in the said mortgage, said provision in said mortgage being in the following language: 'or in the event the lands covered by this mortgage shall be sold then in that case, the indebtedness secured by this mortgage shall immediately become due and payable and this mortgage subject to foreclosure at the option of the legal holder of said note and mortgage.'"

Following the insertion of Sheet 78 by the defendant in which he failed to show the acceleration clause in the mortgage, he attached his certificate dated August 24, 1949. In the certificate, the defendant certified that he had carefully examined the Deed and Mortgage Records of Washington County and found no conveyance affecting the land except as shown by

Sheet 78. He further certified that he had examined the Judgment Docket, the Mechanics' Lien Record and the Record of Lis Pendens and found no judgments, liens or suits affecting the title to said land. The abstract, as amended and brought to date, was delivered to the plaintiffs and they paid the defendant his charges for his service in bringing the abstract to date.

The plaintiffs took the abstract to a reputable attorney, who examined the same, and received an opinion from the attorney based upon the abstract as brought to date, and the plaintiffs consummated their purchase of the property subject to the said mortgage with the intent to pay the mortgage indebtedness according to the terms as abstracted by the defendant and as shown by Sheet No. 78.

On November 15, 1949, the mortgagees, Frank Grotta and Anna Grotta, instituted suit in this court against the plaintiffs in which they asserted their right to accelerate the maturity of the principal and to foreclose the mortgage lien under the clause contained in the mortgage and hereinbefore quoted.

The plaintiffs further allege that one of the substantial inducements to purchase the property was the lenient credit terms of the mortgage as shown on Sheet 78 of the abstract of title and that, as a direct and proximate result of the defendant's oversight, neglect, negligence and misfeasance and the action of the mortgagees in foreclosing the mortgage lien, the plaintiffs were damaged in a sum of money in excess of $3,000.00, exclusive of interest and costs.

▮ The defense of limitations may be raised by motion to dismiss. In 2 Moore's Federal Practice, Second Edition, Section 1210, Page 2257, after referring to the common law rule which was that a defendant could not raise the defense of limitations by demurrer, even though the complaint shows on its face that the statute had run, it is said:

"We have seen that this rule has been altered by Rule 9(f) [Fed.Rules Civ. Proc. 28 U.S.C.A.] under which averments of time and place are material

'for the purpose of testing the sufficiency of a pleading.' Accordingly, it is now held that the defense of limitations may be raised by motion to dismiss when the time alleged in the complaint shows that the action was not brought within the statutory period."

The able attorneys for the respective parties have furnished the court excellent briefs in support of their contentions. The attorneys for plaintiffs on Page 1 of the brief for plaintiffs state:

"It is undisputed that the certificate complained of was signed and sealed by the abstractor on August 24, 1949, and that an action was brought against these plaintiffs on November 15, 1949. Also at this time we do not dispute that the cause of action against the defendant accrued at the time of the delivery of the abstract. Neither do we dispute that the defendant has properly cited the governing statutes of limitations. We do not agree, however, that the three year statute is applicable. Our position is that this is an action founded upon a written contract and the five year statute is applicable.

"Of necessity our position is, in accordance with the defendant's, that the abstractor and an employer entered into a contractual relationship and we agree that a contract existed in this case. The only disagreement is that we contend the liability is based upon the written certificate and not upon an implied or oral contract."

▮ Thus it will be noted that the plaintiffs admit that their cause of action accrued at the time of the delivery of the abstract and the complaint shows that it was delivered between August 24, 1949, and August 31, 1949. Indeed, the rule which is apparently uniform is stated in 1 C.J.S., Abstracts of Title, § 13, page 399, as follows:

"The right of action against an abstractor for damages resulting from errors, defects, or omissions in an abstract of title prepared by him accrues at the time the examination is made and the abstract prepared and fur-

nished, and not when the wrong is discovered or actual damage results therefrom; and, as elsewhere appears, a statute of limitations accordingly begins to run at the former date." See, also, 1 Am.Jur., Section 31, Page 173, "Abstracts of Title".

Likewise, the plaintiffs agree that the relationship between them and the defendant concerning the abstract was contractual.

In 28 A.L.R.2d there appears an annotation on the subject of abstractors' duty and liability to employer and at page 898 the annotator states:

"All of the cases agree that the abstractor and his employer enter into a contractual relation."

Many cases are cited in support of the statement.

The Supreme Court of Arkansas in Talpey v. Wright, 61 Ark. 275, 32 S.W. 1072, recognized the rule. The syllabus of the case is as follows:

"One employed by a landowner to prepare an abstract of title for the purpose of procuring a loan upon mortgage is not liable to an assignee of the notes secured by the mortgage, who takes the notes in reliance upon the abstract, for loss occasioned by mistake therein, there being no privity of contract between such assignee and the abstracter."

Also, in 1 C.J.S., Abstracts of Title, § 11, page 393, it is said:

"It is a general rule, so thoroughly established, it has been said, that it would seem scarcely necessary to cite any cases in support of it, that since the liability of an abstractor for errors, defects or omissions in an abstract made by him is founded on contract, and not on tort, he is not to be held responsible for injuries or loss accruing to any or every person into whose hands the abstract may subsequently find its way, or who may rely on it to his prejudice, but it is liable only to the person who contracted for the abstract, or by whom the abstractor was employed to make it, or, in other words, those with whom he has privity of contract in preparing and furnishing the abstract".

Section 37–206 of Arkansas Stats. 1947 provides that all actions shall be commenced within three years after the cause of action shall accrue where founded upon any contract, obligation or liability not under seal and not in writing.

Section 37–209, supra, provides that "actions on promissory notes, and other instruments in writing, not under seal, shall be commenced within five (5) years after the cause of action shall accrue and not after."

The cause of action of the plaintiffs accrued upon the delivery to them of the completed abstract of title, and this was not later than August 31, 1949. The complaint herein was filed July 28, 1953. Thus the complaint was filed more than three years after the delivery of the abstract and within five years, so the ultimate question is which of the above statutes of limitations applies.

The plaintiffs concede that their cause of action, if any, "accrued at the time of the delivery of the abstract" and that "the abstractor and an employer entered into a contractual relationship and we agree that a contract existed in this case. The only disagreement is that we contend the liability is based upon the written certificate and not upon an implied or oral contract." They cite in support of this contention the case of Hillock v. Idaho Title & Trust Company, 22 Idaho 440, 126 P. 612, 42 L.R.A.,N.S., 178.

The court in the Hillock case, supra, in stating the case before it said at page 613 of 126 P.;

"It will be seen, therefore, that the appellant contends that this is an action for relief on the ground of mistake, or the constructive fraud resulting therefrom, and that the cause of action did not accrue until the discovery of the fraud or mistake which caused the injury. The respondent, on the other hand, contends that it is an action upon contract, not founded upon an instrument of writing. The courts appear to have considered this question

in other states, some of them upon statutes similar to ours, and others independent of statute. The concrete cases against abstract companies seem to be generally with the position taken by respondent. Russell [& Co.] v. Polk County Abstract Co., 87 Iowa 233, 54 N.W. 212, 43 Am.St.Rep. 381, was an action against an abstract company for negligence in making an abstract and damages arising on account of such negligence. It was held by the court in that case that the cause of action accrued when the abstract was delivered by the abstract company to the purchaser thereof, and that there was a breach of the contract immediately upon the delivery, and not when the injury occurred or the error was discovered. Provident Loan Trust Co. v. Wolcott, 5 Kan.App. 473, 47 P. 8, is an action against an abstractor for giving an incorrect certificate of title, and it was held that the cause of action arose at the date of the delivery of the abstract, and not at the time of the consequential damages. Lattin v. Gillette, 95 Cal. 317, 30 P. 545, 29 Am.St.Rep. 115, was an action against an abstractor for negligence in certifying that a party was the owner, when, in fact, he only had a half interest in the title to the property. It was held that the cause of action accrued at the time of the delivery of the abstract and that the statute of limitations began to run at that time, notwithstanding the fact that the purchaser of the abstract did not discover the defect or error until after the statute of limitations had run, at which time he had to surrender one-half interest in the property. The Missouri courts have reached the same conclusion in Rankin v. Schaeffer, 4 Mo.App. 108, and Schade v. Gehner, 133 Mo. 252, 34 S.W. 576. See, also, note to Equitable Bldg. & Loan Ass'n v. Bank of Commerce [118 Tenn. 678, 102 S.W. 901], 12 L.R.A.,N.S., 454."

Following a discussion of the above decisions, the Idaho Court on page 615 of 126 P. said:

"Now, taking the case at bar, the respondent held itself out as an expert in the examination of titles to real estate and in making and certifying the same, and was in the business for hire. Chase v. Heaney, 70 Ill. 268. The appellants made application for and in return received an abstract and certificate representing the condition of the title of certain land and paid to respondent the price demanded. If appellants had never acted upon the representations contained in this abstract and certificate, or had never purchased the property, they would never have sustained any damage, and would have had no cause of action. We fail, therefore, to see how any cause of action accrued to them upon the mere delivery to them of the abstract and certificate. When, however, they acted upon the representations contained in this abstract and purchased the property described therein, relying upon the abstract, a cause of action accrued to them as soon as they learned of the mistake and consequent misrepresentation made thereby. It seems to us, therefore, that no cause of action accrued until the appellants were called upon to pay some valid claim held against the property and not shown by the abstract, or had notice of the claim and the falsity of the representation. The abstract of title was true and correct, according to the pleadings, but the whole trouble arose out of the falsity of the certificate attached thereto in certifying that all conveyances, etc., affecting the title to the property were shown on the abstract. It seems to us that it is for just these reasons and for such cases as this that the Legislature provided the exception contained in section 4054 to the effect that 'the cause of action in such case'—that is, of fraud or mistake—shall 'not be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake'."

The court did not hold that the appellants' (plaintiffs in lower court) cause of

action was based upon the written certificate but held "that the cause of action pleaded in this case falls within the purview and meaning of subdivision 4 of section 4054, and that the demurrer should not have been sustained." 126 P. 616. (The section of the statute referred to provides that an action for relief on the ground of fraud or mistake shall not be deemed to have accrued "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.")

In the instant case the plaintiffs would not be aided if it were held that their complaint stated a claim based on tort or on fraud for the reason that the complaint shows that plaintiffs knew on or before November 15, 1949, that the abstract as continued by Sheet 78 did not show the acceleration clause of the mortgage and that they had suffered damages. Still, they did not file suit to recover such damages until July 28, 1953, or three years, eight months and thirteen days later and, under the express provisions of Section 37–206 Arks.Stats.1947, an action based on fraud would be barred after three years. Field v. Gazette Publishing Co., 187 Ark. 253, 59 S.W.2d 19.

The Hillock case, supra, does not hold that the certificate of an abstractor expresses the contract between the employer and the abstractor, and is not contrary to the general rule recognized in other states.

In 1 Am.Jur., Section 31, Page 173, "Abstracts of Title", it is said:

"A statute of limitations in reference to contracts, obligations or liabilities arising from written instruments, executed by the parties whom it is sought to charge, does not apply to certificates of title given by a searcher of records where damages are claimed for his negligence in giving an incorrect certificate."

The author of the above quotation cites the case of Lattin v. Gillette, 95 Cal. 317, 30 P. 545, 29 Am.St.Rep. 115, as an authority for the above quotation. The case so cited has not been overruled and has been cited in at least one other jurisdiction. The case is almost on all fours with the one now before the court and appears to be conclusive of the contention of the plaintiffs. The court there held that the contract which was the basis of the plaintiff's cause of action did not rest in or grow out of the certificate of the abstractor nor did the certificate contain any obligation or contract that could be enforced, and that the obligation of the abstractor was that created at the time of his acceptance of the employment of the plaintiff and antedated the making of the certificate.

The able attorneys for the plaintiffs, with commendable candor, state that the Lattin case, supra, seems to be the only case in the United States directly in point.

The Oklahoma Supreme Court held in the case of Close v. Coates, 187 Okl. 315, 102 P.2d 613, in syllabus 2, that

"A statute of limitations in reference to liabilities arising from written instruments executed by the party whom it is sought to charge does not apply to certificates of title given by a searcher of records where damages are claimed for his negligence in giving an incorrect certificate, since liability in such case arises from the contract of employment, and three-year limitation period runs from date of delivery of certificate." See, also, Garland v. Zebold, 98 Okl. 6, 223 P. 682.

The plaintiffs' claim is and must be based on the alleged breach of an implied or oral contract of employment entered into between them and the defendant at the time the defendant was engaged to bring the abstract to date. The plaintiffs' claim is not and cannot be based on the written certificate attached to the abstract because the written certificate is only evidence of the provisions of the pre-existing oral or implied contract of employment.

The liability of an abstractor is fixed within the scope of investigation as defined by his contract either expressly or by implication and he is held to the exercise of ordinary care, that is, the care which an ordinary, reasonable and prudent abstractor exercises or is accustomed to exercise under the same or similar circumstances.

Since the plaintiffs' claim accrued when the amended abstract was delivered by defendant to plaintiffs and since this occurred more than three years prior to the filing of the suit herein, the claim of plaintiffs is barred by Section 37–206, Ark.Stats. 1947, Annotated, and the motion to dismiss should be sustained.