Ross Paul MAY *v.* RYDER
TRUCK RENTAL, INC.

78-174                              574 S.W. 2d 264

Opinion delivered December 18, 1978
(Division II)

*Greg B. Brown,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

DARRELL HICKMAN, Justice. The only question on appeal of this case is the correctness of the trial court's ruling

sustaining the demurrer to the complaint. The court was correct and the decision is affirmed.

Ross Paul May, the appellant, filed a complaint in the Circuit Court of Pulaski County against Ryder Truck Rental, Inc., the appellee, alleging: a Ford van belonging to Ryder was stolen from Ryder's place of business; the thief, less than one hour after the theft was reported, ran the van into May's vehicle, which was legally parked, extensively damaging it; and, the damages were proximately caused by Ryder's negligence because Ryder refused or failed to adequately guard against trespass on its property, Ryder refused or failed to adequately safeguard against theft or unauthorized control of its vehicles, Ryder refused or failed to adequately protect against the van's removal from Ryder's property, and Ryder otherwise failed to act as an ordinary prudent person would.

Ryder demurred to this complaint alleging it did not state a cause of action. Ark. Stat. Ann. § 27-1115 (Repl. 1962). May, rather than seeking to amend his complaint, elected to stand on it. The court properly sustained the demurrer.

There is not a single act alleged that Ryder did or failed to do what was claimed to be the proximate cause of damage in the case. Although both parties argue in their briefs as though Ryder was alleged to have left a key in the vehicle, such an allegation was not made in the complaint.

A demurrer admits all facts alleged but not conclusions. The only allegations of negligence are conclusions of law and, therefore, the demurrer was properly sustained. *Herndon* v. *Gregory,* 190 Ark. 702, 81 S.W. 2d 849 (1935); *United Interchange, Inc.* v. *Rowe,* 230 Ark. 905, 327 S.W. 2d 547 (1959).

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and BYRD, JJ.