J. H. WRIGHT et ux *v.* ALLMON-MACK
AGENCY, INC.

CA 80-160                               603 S.W. 2d 483
Court of Appeals of Arkansas
Opinion delivered September 17, 1980
Rehearing denied October 22, 1980

*Homer Tanner*, North Little Rock, for appellants.

*Gardner & Gardner*, Russellville, for appellee.

JAMES H. PILKINTON, Judge. The only question involved in this appeal is the correctness of the trial court's ruling sustaining a demurrer to the complaint.

J. H. Wright and wife, the appellants, filed an action in the Circuit Court of Pope County, Arkansas, against Allmon-Mack Agency, Inc., an abstract company, the appellee, alleging damages. The complaint alleged that Mr. and Mrs. Wright purchased certain lands at a judicial sale in Russellville on February 11, 1976. The complaint stated that as a prerequisite and condition to purchasing the property, plaintiffs demanded that they first be furnished an abstract of title, for examination by an attorney of their choice; that an abstract was compiled by the defendant and was certified to February 17, 1976. The complaint further alleged that the abstract was then examined by plaintiff's attorney, and title approved by him on March 11, 1976. The complaint further

set out that on the same day Mr. and Mrs. Wright paid the commissioner in chancery for the property. The complaint alleges that the commissioner's sale was confirmed by the Pope Chancery Court on March 11, 1976, the commissioner's deed was approved, and that the deed was delivered to the plaintiffs on the same day. The complaint alleges that the abstract was defective as the abstract company had omitted certain deeds which affected the title. The omitted deeds disclosed ownership in a third party of a portion of the land sold at the judicial sale. The complaint further set out the following:

By virtue of the inadvertence and negligence of the defendant abstracter to properly prepare and compile an abstract of title covering all of the chain of title of the lands endeavored to be covered by the said defendant abstract company, the plaintiffs were induced to act to their detriment and to pay an excessive amount for the purchase of their property, which they do not legally own by virtue of the ownership of the said DENTON BOZE, aforesaid. That a dwelling house is situated upon said property.

It was further alleged that appellants were damaged in the sum of $10,000 due to the failure of title to a part of the land purchased at the judicial sale.

Appellee filed a demurrer to this complaint alleging it did not state a cause of action.[1] Ark. Stat. Ann. § 27-1115 (Repl. 1962). The trial court sustained the demurrer. Rather than seeking to amend their complaint, appellants elected to stand on it as drawn and declined to plead further. The court dismissed the action and this appeal is from that order. The trial court's order was based solely on the inadequacy of the complaint as the record contains no discovery or other activity.

Appellants contend the complaint stated a cause of action. It is true that an abstract company may be liable in damages for injuries resulting from wrongful or negligent

---

[1]This type of pleading has been superseded by the new Arkansas Rules of Civil Procedure.

errors, defects, or omissions in abstracts prepared and furnished by it. However, it was settled in this state by an early decision of the Arkansas Supreme Court that an abstracter's liability is not in tort, but is contractual. *Talpey* v. *Wright*, 61 Ark. 275, 325 S.W. 1072. That is to say, a claim of this type is founded upon a breach of an expressed or implied contract with the customer or client to furnish him with a true and correct abstract. That also seems to be the general rule in other jurisdictions. 1 C.J.S., *Abstracts of Title*, Section 11(a). In *Talpey* v. *Wright, supra*,[2] the Arkansas Supreme Court held that there must be privity of contract between the abstracter and the person attempting to hold the abstracter liable in damages for an omission. In the complaint before us it is not alleged on whom the demand for an abstract was made. It is also not alleged that the defendant-appellee knew the purpose for which the abstract was to be used. There is no allegation in this complaint from which we can properly infer that appellee contracted with Mr. and Mrs. Wright to prepare an abstract for their use and benefit; or from which we can infer that appellee knew the abstract in question was intended for the use and benefit of appellants. In other words, this complaint seems to allege reliance, but does not allege any facts upon which the right to rely may be inferred. A demurrer admits all facts alleged but not conclusions. *May* v. *Ryder Truck Rental, Inc.*, 264 Ark. 751, 574 S.W. 2d 264 (1978). The basic defect in this complaint is its failure to contain any factual allegations showing a right in plaintiffs, either expressed or implied, to rely on the abstract furnished. 1 Am. Jur. 2d, *Abstracts of Title*, § 25. We find therefore that the demurrer was properly sustained. *Talpey* v. *Wright, supra*.

Affirmed.

---

[2]This case was referred to in *St. Paul Fire and Marine Insurance Co.* v. *Crittenden Abstract & Title Co., Inc.*, 255 Ark. 706, 502 S.W. 2d 100 (1973).