David Rankin, Jr., Appellant, *v.* Nicholas Schaeffer, Administrator of P. J. Hurck, et al., Respondents.

### May 22, 1877.

1. Where an examiner of title to real estate gives a certificate of title, he does not thereby become an indemnitor, but he is liable for any mistake arising from want of due care or diligence, or from ignorance of his business.

2. An action for damages against him for false certificate is barred by the statute of limitations in five years from the delivery of the certificate, and not from the time when it is discovered that the certificate is untrue.

Appeal from St. Louis Circuit Court.

*Affirmed.*

G. M. Stewart, for appellant : Limitations ; the statute does not begin to run until the cause of action accrues. — *Robsuhl* v. *Lark*, 35 Mo. 316.    Breach of covenant of quiet enjoyment. — *Shelton* v. *Pease*, 10 Mo. 473.    Jurisdiction of justices of the peace. — *Wilson* v. *Petty*, 21 Mo. 417 ; *Wilson* v. *Browning*, 45 Mo. 475.

Silas W. Dooley, for respondents : The cause of action for the breach of a private obligation dates from the time of the breach, and the statute of limitation runs from that date. — *Bank, etc.,* v. *Waterman*, 26 Conn. 324 ; *Wilcox* v. *Plummer*, 4 Pet. 172 ; *Rowsey.* v. *Lynch*, 61 Mo. 560.    The damage is not the cause of action. — *Lathrop* v. *Snellbaker*, 6 Ohio, 276 ; 4 Ohio, 331 ; *Argall* v. *Bryant*, 1 Sandf. 98 ; *Bank of Utica* v. *Childs*, 6 Cow. 240 ; *Campbell's Administrator* v. *Boggs*, 48 Pa. St. 524.    Jurisdiction of justices of the peace. — *Campbell's Administrator* v. *Gallagher*, 2 Watts, 135 ; *Jacobs* v. *Honry*, 18 Pa. St. 240.

Bakewell, J., delivered the opinion of the court.

This was an action commenced before a justice of the peace.    The written statement of the cause of action alleges that defendants were investigators of title to real estate, and were employed by plaintiff to investigate the title to certain

lots, and thereupon, for a valuable consideration, gave to plaintiff their certificate, on April 9, 1866, that the title to the lots was good and fully vested in one Stewart at that date, free from all encumbrances; that plaintiff purchased, relying on their certificate, and has since discovered that the certificate was untrue, and that at the date of this certificate a suit was pending for an interest in said lands, in which suit judgment of possession was, on May 3, 1869, rendered in favor of Bogart and others, who then sold their claim to one Dougherty, who commenced suit, in October, 1874, to recover a portion of said lands of plaintiff, by virtue of said conveyance of Bogart; that plaintiff was forced to pay $225 in settlement of this claim, of which sum $100 was paid back to plaintiff by his grantor, and for the balance he has no claim against his grantor. Plaintiff says he has been damaged $125 by the negligence of defendants in making the examination, and he asks judgment for that amount.

On trial anew in the Circuit Court there was judgment for defendants; and plaintiff appeals.

The parties, by a stipulation set out in the bill of exceptions, agreed to raise only two questions on the trial of the cause: first, that more than five years have elapsed since the cause of action accrued; second, that the justice had no jurisdiction.

It has long been considered as settled in England that in action on the case for negligence, where the declaration alleges a breach of duty, and special consequential damage, the cause of action is the breach of duty, and not the consequential damage, and the statute runs from the time the breach of duty is committed, and not from the time the consequential damage ensued. So, in an action of *assumpsit* for not laying out the plaintiff's money on a good and sufficient security, which defendant, an attorney, had agreed to do, — the defendant had invested the money on security of certain copyhold premises whereof one Alston pretended

to be seized, whereas in truth he was not seized, — it was held that the promise of defendant was the gist of the action, and that it was barred though commenced within six years from discovery of the invalidity of the security. *Brown* v. *Howard*, 2 Brod. & B. 73. In this case the negligence was so gross that the court suggested that, had the action been brought to recover damages as for fraud, a recovery might be had, but as the gist of the action was the promise, the statute was a bar.

It was for some time doubtful whether an action might not be maintained against an attorney for negligence or misconduct at any distance of time from the act of negligence, provided the actual loss arose or was discovered within the time of limitation. But the question is now quite settled in England, and the English doctrine on the subject is generally adopted in this country; and it is held here, as there, that the cause of action accrues the moment the defendant failed to do what he agreed to do. *Short* v. *McCarty*, 3 Barn. & Ald. 626; *Wilcox* v. *Plummer*, 4 Pet. 172; *Argall* v. *Bryant*, 1 Sandf. 99.

It is, however, urged that the contract sued on in this case is a contract of indemnity. If that were so, then there was no breach until the plaintiff suffered damage. But we do not think that the agreement can be so construed. The certificate of title is as follows:

" We have examined the title to lots 22, 23, 24, 25, and west half of 26, of the Taylor Place. In our opinion, the title is good and fully vested in fee in George N. Stewart, free from all encumbrances.

" HURCK & O'REILLY,
" *Investigators of Title to Real Estate.*
" ST. LOUIS, April 9, 1866."

This does not seem to amount to a warranty of title. The examiner of titles does not warrant; he is not liable, except for negligence or want of necessary skill and knowledge. The contract made by him when he receives a fee

and examines a title is not one of indemnity, but a contract that he will faithfully and skilfully do his work; and this contract is broken, and an action lies for the breach of it, so soon as he, through negligence or ignorance of his business, delivers a false certificate of title. Where indemnity alone is expressed, it has always been held that damage must be sustained before a recovery can be had; but where there is a positive agreement to do the act which is to prevent damage to plaintiff, there the action lies, if defendant neglects or refuses to do the act. *In re Negus*, 7 Wend. 499; *Ham* v. *Hill*, 29 Mo. 276; *Rowsey* v. *Lynch*, 61 Mo.

The foundation of this action is the implied promise of defendants to perform with care, diligence, and sufficient skill the duty they undertook for the reward agreed upon. This promise was broken by defendants when the certificate of title was delivered, and the statute of limitations then began to run. The action was barred in five years.

This wholly disposes of the case, and renders it unnecessary to examine the other question, of jurisdiction in the justice of the peace.

The judgment of the Circuit Court is affirmed. Judge HAYDEN concurs; Judge LEWIS absent.