## SCHADE, *Appellant*, v. GEHNER.

### Division One, March 10, 1896.

1. **Examiner of Title**: GUARANTOR: REASONABLE SKILL AND CARE. An examiner of title to land does not become a guarantor of such title, but is liable only for the want of reasonable skill and care.

2. ———: NEGLIGENCE: ACCRUAL OF RIGHT OF ACTION. A right of action for negligence in the examination of title to land accrues at the time the examination is made and reported, and not when damages result therefrom.

3. ———: ———: ———: PARTIES. Such right of action exists only in favor of the parties to the contract or their privies.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*F. M. Estes* and *Willis H. Clark* for appellant.

(1) The court erred in sustaining defendant's demurrer to the evidence for plaintiff. *Clark v. Marshall*, 34 Mo. 429; *Chase v. Heany*, 70 Ill. 268; *Dickel v. Abstract Co.*, 89 Tenn. 431; *Bank v. O'Connell*, 23 Mo. App. 165; *Page v. Frutch*, 8 Chi. Leg. News, 385; *Siewers v. Com.*, 6 W. N. C. 17; *Burrowes v. Lock*, 10 Ves. 470; *Slim v. Croucher*, 2 Giffard, 37; *Donaldson v. Haldane*, 7 C. & F. 762; *Morton v. Hatch*, 54 Mo. 408; *State to use v. Thornton*, 56 Mo. 525. (2) The court erred in excluding evidence offered on behalf of plaintiff. *Dickel v. Abstract Co.*, 89 Tenn. 431; *Siewers v. Com.*, 6 W. N. C. 17; *Donaldson v. Haldane*, 7 C. & F. 762.

*Kehr & Tittmann* for respondent.

(1) If one, holding himself out as an investigator of titles, is employed to investigate a title and accepts the employment, he undertakes, by implication of law, that he is possessed of ordinary skill to do the work, and will exercise ordinary care and diligence in doing it, and if he fails to exercise either and in consequence thereof, loss results to the employer, the investigator is liable to him for such loss. Wharton on Negligence, secs. 749 and 750; *Rankin v. Schaeffer*, 4 Mo. App. 108; *Dodd v. Williams*, 3 Mo. App. 278; *Gilman v. Hovey*, 26 Mo. 280. (2) But he is liable only to his immediate employer, and not to the latter's assigns or devisees, or any third person between whom and himself there is no privity of contract. Shearman and Redfield on Negligence [4 Ed. ], sec. 574; *Bank v. Ward*, 100 U. S. 195; *Dundee Co. v. Hughes*, 10 Sawyer, 144; *Zweigardt v. Birdseye*, 57 Mo. App. 462; *Gordon v. Livingston*, 12 Mo. App. 267; *Kahl v. Love*, 37 N. J. L. 5; Warvelle on Abstracts, p. 8. (3) The petition upon its face

shows that the plaintiff has no cause of action against the defendant, even if all the facts stated in it were true. She sues upon a cause of action which can accrue only to George Schade, and which she claims, not as his executrix, but as his devisee. The right of action, if any, goes to the administrator or executor, and not to the devisee. 1 R. S. 1889, sec. 96; *Green v. Tittmann*, 124 Mo. 372; *Smith v. Denny*, 37 Mo. 20; *State to use v. Fulton*, 35 Mo. 323; *Hannenkamp's Administrator v. Borgmier*, 32 Mo. 569; *Huling v. Chester*, 19 Mo. App. 607. (4) The statute begins to run from the date at which the breach of duty occurs, and not from the time at which the consequential damage accrues. *Rankin v. Schaeffer*, 4 Mo. App. 108; 1 Wood on Limitations, sec. 179, p. 455; *Moore v. Juvenal*, 92 Pa. St. 484-490; *Lilly v. Boyd*, 72 Ga. 83; *Wilcox v. Plummer's Ex'r*, 4 Peters (29 U. S.), 172; *Bank v. Childs*, 6 Cow. 238; *Howell v. Young*, 5 B. and C. 259.

BRACE, P. J.—This is an action by the plaintiff as the widow and sole devisee and legatee of George Schade, deceased, to recover damages of the defendant, an examiner of titles to real estate in the city of St. Louis, for alleged negligence in the discharge of his duty to examine and correctly report the condition of the title to a certain lot in said city which he was employed to do by the said Schade. At the close of the plaintiff's evidence the court sustained a demurrer thereto, and plaintiff took a nonsuit with leave, which the court refused to set aside, and the plaintiff appeals.

The evidence tended to prove that in the year 1881 there was pending in the circuit court of the city of St. Louis a suit wherein Hannah M. Jenkins *et al.* were plaintiffs and Edward G. Lilly *et al.* were defendants, being a proceeding for the partition of a lot in city block 253, fronting fifty-one feet on Franklin avenue,

which on the tenth day of October, 1881, culminated in a decree and order of sale of said premises. The sale took place on the ninth of November, 1881, and George Schade became the purchaser at the price of $21,600. That for many years prior thereto the said Schade had been in possession of the premises, and had erected the buildings thereon, under a lease which had not then expired. That he was desirous of purchasing the reversionary title in fee which he understood was to be sold at this partition sale, and for this purpose engaged the assistance of the defendant Gehner. What the terms of his employment were does not appear by the evidence. It does not appear that the defendant undertook to furnish or did furnish Schade any abstract of the title or any statement in writing of its condition. The only abstract or written certificate of title that appears in the evidence, was one prepared by Webster & Davis, made for the parties in interest, and furnished to the purchasers at the sale.

The evidence does tend to prove, however, that the defendant did undertake to assist Schade in consummating his purchase of the property; advised him before the bidding commenced that everything was all right, and that he could go as high as $18,000 for the property if necessary—and afterward, before the purchase money was paid, and when Schade was about to execute a deed of trust to raise it, and after defendant's attention had been called to some dubiety in the Webster & Davis abstract, he again assured Schade that everything was all right, that nothing would ever come back on him; that he had run the title back as far as O'Fallon. That afterward the defendant presented the following account for services rendered in this behalf:

Schade v. Gehner.

"St. Louis, Nov. 6, 1892.

"Mr. George Schade

"To August Gehner,

"Investigator of Titles, Real Estate Agent, and
Notary Public. 521 Pine Street.—Dr.

"Nov. 16. - To investigation of title and drawing deed of trust...$ 55 00
" To cash for recording deed and deed of trust.... .... 5 00
"Dec. 10. To cash releasing two deeds of trust .... ............ 7 00
" To com. on loan of $14,000 and drawing two deeds of
trust..... ........ , ........................ 280 00
" To cash for recording deed of trust.... .............. 1 75

$342 75

"Received payment. August Gehner,
"Per Gmeiner."

This account was thereafter duly paid by the said
Schade, who remained in the peaceable and undisturbed
possession of the premises under his purchase until his
death in February, 1885.

Afterward, on the twenty-first of November, 1885,
a suit in ejectment for the recovery of the premises was
instituted in the circuit court of the city of St. Louis
by one Chas. E. Rodney against Morris Landau, tenant
of the plaintiff, who defended the suit for her tenant,
and who testifies that after it had been instituted she
went to Mr. Gehner "and he said it was all right, that
we did not lose the property yet, anybody can sue, but
we did not lose our property yet." Dr. Schade, a son
of the plaintiff, also testified that the defendant said to
him in regard to this suit: "That because suit was
brought that was not said the property was lost. * * *
A man could bring a suit against a courthouse, and for
that reason the title was not defective. He stated he
would give $500 to see us out."

The ejectment suit thereafter duly progressed to
judgment in the circuit court in favor of Mrs. Schade
and her tenant, but upon appeal to this court the judg-
ment was reversed, at the April term thereof, 1891
(*Rodney v. Landau*, 104 Mo. 251), this court holding

that Schade, by his purchase at the partition sale and deed in pursuance thereof, only acquired the undivided one fourth of the premises in fee simple, the title to the other undivided three fourths being in the said Rodney, who was not a party to the partition proceeding, and ejectment followed in accordance with such judgment.

Afterward on the nineteenth day of May, 1892, Mrs. Schade instituted this suit. The answer was a general denial, plea of the statute of limitations, and a special plea that need not be noticed.

It is manifest from the foregoing statement that there was ample evidence tending to prove that the defendant held himself out to Schade as an investigator of titles, and that he was employed to investigate the title in question; that he reported the same to be good, and that Schade acted upon the faith of his opinion that it was good, and that it has since turned out that the title was defective as to three fourths of the property in question. The only negligence the evidence tends to prove is that Gehner formed an incorrect opinion in holding that the whole of the fee simple title to the premises was vested in the parties to the partition suit, an error which he seems to have shared with other respectable authority.

Skill as well as care was required in the performance of his undertaking, and if he failed to exercise either, and damage resulted therefrom, he became responsible therefor. He did not, however, by such undertaking become a guarantor of the title, and could be held only for want of the exercise of a reasonable degree of skill and care; and, if it were necessary, it might become an interesting inquiry whether the mistaken judgment of the defendant as to the title in this instance was of itself sufficient evidence of such want

of skill and care in his profession as to make him liable,—but for the purposes of this case such inquiry is unnecessary, for the reason that there are other and insuperable obstacles to plaintiff's recovery, whatever might be the result of such inquiry.

Conceding, then, the defendant's negligence, and that a right of action accrued therefor; when and to whom did such right of action accrue? That it accrued to George Schade with whom the contract of employment was made, is matter of course. That a right of action could not accrue to anyone else who was not privy to the contract, although damage may have resulted to such other person by reason of the negligence, is the uniform doctrine of the authorities. *Zweigardt v. Birdseye*, 57 Mo. App. 462; *Gordon v. Livingston*, 12 Mo. App. 267; Martindale on Abstracts of Title, sec. 185; Warvelle on Abstracts [2 Ed.], sec. 29, p. 653; *Bank v. Ward*, 100 U. S. 195; *Dundee, etc., Co. v. Hughes*, 10 Sawyer, 145; *Houseman v. Girard, etc., Ass'n*, 81 Pa. St. 256; *Kahl v. Love*, 37 N. J. L. 5.

The cases cited by appellant's counsel upon this branch of the case upon examination will not be found to be repugnant to this doctrine, but to hold that the particular circumstances of those cases brought the party injured, though not the party directly employing the abstracter, into privity with his contract, and created a duty to him as well as to his immediate employer.

But there is no necessity of going into this discussion to any length. The plaintiff had nothing whatever to do with this contract of employment. She was in no way privy to it. Whatever rights she has, if any, growing out of it, were purely derivative. They can be no more, nor other, than such as George Schade would have had, had he continued to live and had

brought this suit. Nor even these, he being dead, unless *quoad* this action, she is his legal representative.

This brings us to the next question. When did George Schade's right of action for the negligence accrue? And when did the statute of limitations begin to run against such action? Upon this subject also the law seems to be fairly well settled. In actions on the case for negligence, the cause of action is the breach of duty and not the consequential damages resulting therefrom, and the statute begins to run from the time of the breach, and not from the time the consequential damages ensue. *Rankin v. Schaeffer*, 4 Mo. App. 108; 1 Wood on Lim., sec. 179, p. 456, cases cited, note 1; *Moore v. Juvenal*, 92 Pa. St. 484; *Wilcox v. Plummer's Ex'rs*, 4 Pet. 172; *Bank v. Childs*, 6 Cow. 238; *Howell v. Young*, 5 B. & C. 259; *Lilly v. Boyd*, 72 Ga. 83.

The breach of duty in this case took place when the defendant reported to Schade that he had examined the title to the land and that it was all right, and he could safely make and consummate the purchase. This was done in November, 1881, so that the statute certainly began to run against Schade's cause of action as early as the first of December, 1881, and was barred at the end of five years from that date, that is to say, on the first of December, 1886. After that George Schade himself, if he had lived, could not have maintained this action, but, having died, whatever right of action he had passed to his executor who alone could have maintained the action prior to that date, but who thereafter would also have been barred therefrom.

How, then, can the plaintiff, who as executrix of her husband settled up his estate, and neglected to bring this action until long after it was barred by the statute, maintain this action in her own right as his devisee? It is argued that this marvelous resurrection

and transmutation of right and also an estoppel to deny
the same is effected by the act of the defendant in
expressing to plaintiff his confidence in the title acquired
by Schade after the suit in ejectment was instituted by
Rodney, and within five years next before this suit was
brought, because, forsooth, she was the wife of Schade
at the time of the defendant's employment, would upon
the purchase acquire an inchoate right of dower in the
premises, with the possibility of becoming the devisee
thereof, and therefore has some sort of privity to the
contract which raised an implication of duty to her
upon the part of the defendant, for the breach of which
she had a right of action, which, although not brought
within the time limited by law, is removed from the
operation of the statute by the opinion expressed as
aforesaid.   This proposition seems to us too bald for
argument; is not sustained by the cases cited, to none
of which do we discover an analogy in the facts of this
case, which disclose no right of action whatever in the
plaintiff, upon any principle of law known to us.   The
judgment is affirmed.   All concur except BARCLAY, J.;
not sitting.