Jack N. JANSSEN and Dorothy Janssen,
Plaintiffs-Appellants,

v.

GUARANTY LAND TITLE CO. and
General Title Service Corp.,
Defendants-Respondents.

No. 39376.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 15, 1978.

Motion for Rehearing and/or Transfer
Denied Sept. 15, 1978.

Application to Transfer Denied
Nov. 6, 1978.

Sleater & Sleater, Clayton, Suelthaus, Krueger, Cunningham, Yates & Kaplan, P.C., St. Louis, for plaintiffs-appellants.

Ed Rader, Clayton, for Guaranty Land Title Co.

Tremayne, Lay, Carr & Bauer, Clayton, for General Title.

GUNN, Presiding Judge.

Plaintiffs filed a six count petition seeking damages against General Title Service Corporation (General) and Guaranty Land Title Company (Guaranty) arising out of an allegedly defective certificate of title which failed to report a recorded easement. General filed a motion for summary judgment as to count I of plaintiffs' petition and

moved to dismiss all other counts. Guaranty moved to dismiss all counts of plaintiffs' petition. The trial court ruled favorably on both defendants' motions. We affirm the rulings in favor of General. With regard to Guaranty, we affirm the trial court's ruling as to dismissal of all counts except as to count I. And we find that, giving plaintiffs' petition the benefit of every reasonable intendment, count I of the petition against Guaranty may state a cause of action.

According to plaintiffs, they sought to purchase some real estate in St. Louis County in June, 1962. They had their real estate agent contact Guaranty to examine the title to the property. A certificate of title was issued on June 29, 1962 by Guaranty which failed to make reference to an easement for roadway purposes. The plaintiffs discovered the easement in the summer of 1962, shortly after they moved on the property. The certificate of title issued by Guaranty failed to report the roadway easement which had been recorded November 14, 1955. The error apparently was brought about by Guaranty's reliance on a 1956 certificate of title which had been issued by General for a previous owner of the property. Plaintiffs filed suit against Guaranty on February 14, 1967, claiming $11,000 in damages for loss of value of the property by reason of the easement. In the spring of 1973 plaintiffs purchased the dominant tenement for $13,500 and on February 20, 1973 amended their petition, adding General as a party defendant. General's involvement in the case stems from a certificate of title dated May 14, 1956 which it had issued for a prior owner and which had omitted reference to the roadway easement. Thus, the germ seed for this law suit was planted when General omitted reference to the roadway easement in the certificate of title dated May 14, 1956. The seedling grew when subsequent certificates of title issued by Guaranty followed the matrix of General's May 14, 1956 certificate by failing to disclose the easement. The suit blossomed when Guaranty issued the erroneous certificate for plaintiffs on June 29, 1962 and reached full bloom with the discovery of the omission in the summer of 1962.

Plaintiffs' six count petition as amended charges both Guaranty and General as follows: Count I—negligently failing to report and disclose the easement on the certificate of title with resultant damages to plaintiffs; Count II—"deceit" by reason of providing unauthorized legal services and engaging in the unauthorized practice of law in the preparation of legal documents seeking real and personal property; Count III—"negligent representation"—again by reason of unauthorized practice of law; Count IV—"breach of contract and warranty" by unauthorized practice of law; Count V—"public nuisance" through unauthorized practice of law; Count VI—"deceit, conspiracy to defraud and restraint of trade" by reason of unauthorized practice of law. Plaintiffs sought actual and punitive damages, an order prohibiting General and Guaranty from engaging in the unauthorized practice of law and an accounting of all monies received by defendants in such unauthorized practice.

As to count I for damages for failing to report the easement on the certificate of title, General filed a motion for summary judgment raising the five year statute of limitations provided in § 516.120 RSMo. 1969. The trial court correctly granted General's motion for summary judgment. Plaintiffs' evidence was that they discovered the easement in the summer of 1962.[1] They filed suit against Guar-

---

1. "Q. Have you ever been in the office of Guaranty Land Title Co.?
A. [Janssen] Yes, I was.
Q. This was after the deal was closed.
A. Yes, that is when I discovered there was an easement.
Q. When was that?
A. Oh, I don't remember exactly, it was shortly after we moved into the house.

* * * * * *

Q. So, if I understand you, Mr. Janssen, you moved in approximately 60 days after you bought the property; would that be about right?
A. Boy, that would be a guess, strictly a guess.
Q. Now, if I tell you that the deed to you and your wife is dated June 29, 1962, does

anty on February 14, 1967 seeking $11,000 damages as a result of diminution of value to their property by reason of the easement. Action was not brought against General until December, 1973, long after expiration of the five year limitation period. Plaintiffs advert to § 516.100 RSMo. 1969 and argue that they were unable to ascertain their damages until they had purchased the dominant estate and terminated the easement in 1973; that the price tendered for such purchase represented the last ascertainable damage suffered as a result of General's negligence. The provisions of § 516.100 stating that a cause of action does not accrue until the damage resulting from the wrong is sustained, or is capable of ascertainment, does not change the tenet that when an injury is complete as a legal injury, the period of limitations commences at once. *Jepson v. Stubbs*, 555 S.W.2d 307 (Mo. banc 1977); *Chemical Workers Basic Union v. Arnold Sav. Bank*, 411 S.W.2d 159 (Mo. banc 1966). The test to determine when a cause of action has accrued is to ascertain the time when plaintiff could have first maintained the action to a successful result. *Jepson v. Stubbs,* supra; *DePaul Hospital School of Nursing, Inc. v. Southwestern Bell Tel.*, 539 S.W.2d 542 (Mo. App.1976). See also *McCandlish v. Estate of Timberlake*, 497 S.W.2d 191 (Mo.App. 1973). Plaintiffs were aware of the easement in the summer of 1962 and filed suit against Guaranty within the five year period asserting what we believe to be the proper measure of damages for negligence in failing to disclose a title defect in the title certificate as the difference in the value of the property with and without the stricture. 1 Am.Jur. Abstracts of Title § 26 (1962); 1 C.J.S. Abstracts of Title § 11d (1936). See also *Anderson v. Boone County Abstract Co.*, 418 S.W.2d 123 (Mo.1967). The measure of damages was ascertainable

at least in 1967—if not as early as 1962—and plaintiffs' suit for damages against Guaranty was $11,000. The fact that they purchased the dominant tenement in 1973, 11 years after the discovery of the defect, is irrelevant to the measure of damages against General, for plaintiffs failed to exercise reasonable diligence to minimize such damages. 1 Am.Jur. Abstracts of Title § 27 (1962).[2] The record is clear that no genuine issue of material fact exists as to the application of the five year limitation period to the claim against General. Hence, the trial court's action in granting General's motion for summary judgment is affirmed. We need not consider plaintiffs' argument that the nature of the easement was ambiguous, as there is no doubt from the record that they were fully aware of it shortly after they purchased their property in 1962.

■ Our holding that the statute of limitations applies in favor of General is not dissonant with *Thorne v. Johnson*, 483 S.W.2d 658 (Mo.App.1972), relied on by plaintiffs. The holding here—as in *Thorne* —is that the limitations statute begins to run from the time the damage is sustained and capable of ascertainment. The damages to plaintiffs were ascertainable more than five years prior to the case being filed against General, whereas in *Thorne*, they were not.[3] Ruling as we do that plaintiffs' claim against General is barred by limitations, we do not consider the issue of privity between the two parties. See *Anderson v. Boone County Abstract Co.*, supra; *State v. Boone County Abstract Co.*, 432 S.W.2d 305 (Mo.1968), and cases cited therein.

Plaintiffs complain of the trial court's dismissal of counts II through VI, which in desultory and fulsome detail charge both General and Guaranty with the unauthorized practice of law. Defendants—so charge plaintiffs—are not authorized to

that refresh your memory any as to when you moved in?
A. That sounds logical; that sounds like it could be.
Q. You would say, then, that you moved in about 60 days after that approximately?
A. Approximately, yes."

2. For a discussion on an abstractor's liability for damages for title defect, see Annot., 28 A.L.R.2d 891 (1953).

3. For discussion of the application of the limitations doctrine against an abstractor, see 38 Mo.L.Rev. 685 (1973).

practice law but collect fees in consideration of their "legal" opinions under false pretenses. By virtue of accepting their money, plaintiffs argue, the defendants assumed a fiduciary duty but misrepresented the status of the property and led the plaintiffs and their predecessors in interest to believe that the defendant title companies were authorized to perform legal services. Plaintiffs, for themselves and on behalf of their predecessors in title, claim restitution of all fees paid by them and collected by the defendants in this regard. Further, plaintiffs seek imposition of a constructive trust as to the fees collected and punitive damages of $1,000,000.

■ Plaintiffs cite Supreme Court Rule 5.25 in support of their theory of recovery, the relevant language reading:

"No provision of Rule 5 shall limit the right of any individual to seek any remedy afforded by law, nor shall this Rule constitute an exclusive method for regulating the practice of law."

Rule 5 deals generally with complaints and proceedings arising out of the practice of law and provides the procedure for investigating charges against persons, firms, or corporations accused of illegally practicing law. The intendment of Rule 5 and the procedures thereunder is to protect the public and those charged with the administration of justice from individuals who are not qualified and duly licensed attorneys; to maintain the integrity of the courts and the honorable profession of the practice of law. The main purpose is not punishment and certainly not punishment through the device of punitive damages. *In re Mattes*, 409 S.W.2d 54 (Mo. banc 1966); *Clark v. Reardon*, 231 Mo.App. 666, 104 S.W.2d 407 (1937). See also, *In re Houtchens*, 555 S.W.2d 24 (Mo. banc 1977). Placed in its proper context, Rule 5.25 should be interpreted to preserve traditional remedies at law for individuals who are harmed by unscrupulous lawyers or by persons acting in

an unauthorized legal capacity. Such choses in action may be based, for example, on a theory of fraud, or of negligence. But plaintiffs may not bootstrap the injury suffered by virtue of a defective title into a cause of action for the unauthorized practice of law.[4]

■ Supreme Court Rule 52.01 requires that a civil action "be prosecuted in the name of the real party in interest." The purpose of the Rule is to enable those who are directly interested in the subject matter of the suit and are entitled to reap the benefits thereof to be those who maintain the action. *Kaufman v. Henry*, 520 S.W.2d 152 (Mo.App.1975). To warrant standing as a party, the prospective plaintiff must have some actual and justiciable interest susceptible of protection through litigation. *In the interest of D.M.H.*, 516 S.W.2d 785 (Mo.App.1974). Plaintiffs simply have no standing to prosecute; their interest in the purity of the legal profession is no greater than that of the public at large. Consequently, counts II through VI, all tied inextricably to plaintiffs' ability to bring a substantive suit based on the illegal practice of law, were properly dismissed as to both defendants.

■ We now hark back to count I of plaintiffs' petition as it relates to Guaranty—the action for damages for negligently failing to include the easement in the certificate of title. We find that the trial court's action sustaining Guaranty's motion to dismiss count I must be reversed and the case remanded for further consideration of that count as to Guaranty. Although Guaranty has not submitted a brief, the basis for its motion appears to be that plaintiffs destroyed their cause of action by admitting they had only requested a continued title search rather than an original title examination. Guaranty, therefore, claims that it could not be held responsible for the omission of the easement in General's earlier

---

**4.** It should be noted that a statutory remedy does exist for persons who have tendered fees to parties engaged in the illegal practice of law. Section 484.020(2), RSMo. (1969) provides for payment of treble the amount of fees wrongfully collected from a potential plaintiff if the cause is prosecuted within two years. Plaintiffs, of course, are precluded from utilizing this remedy, as the statute of limitations has long since tolled.

title certificate and was justified in relying on its accuracy. The pleadings do not support Guaranty's argument. Plaintiffs alleged that Guaranty was employed to examine the title and their interest in the property they were purchasing. They state that what they received and paid for was a certificate of title ". . . describing said parcels of real estate and certifying that they had continued from December 29, 1958, the date of a preceding certificate, the examination of the title to the property. . . ." The nature of plaintiffs' request and whether the certificate they received conformed to that request presents question of fact to be resolved at trial. We must consider whether the amended petition, when its averments are accorded every reasonable and fair intendment, stated a claim upon which relief might be granted. *Laclede Gas Co. v. Hampton Speedway Co.*, 520 S.W.2d 625 (Mo.App.1975). Without deciding whether Guaranty would be relieved of responsibility for General's earlier deletion if plaintiff did in fact request only a continued search, we hold that count I of the petition stated a cause of action for negligence as to Guaranty. *Slate v. Boone County Abstract Co.*, supra; *Thorne v. Johnson*, supra.

■ A final matter we consider is General's motion for damages for frivolous appeal under Rule 84.19. After reviewing the record, we believe that the motion should be denied. *City of Perryville v. Lukefahr*, 558 S.W.2d 301 (Mo.App.1977).

Judgment affirmed in all respects as to General Title Service Corporation. Judgment as to Guaranty Land Title Company reversed and remanded as to count I of plaintiffs' petition but affirmed in all other respects.

WEIER and KELLY, JJ., concur.